



## MEMORANDUM OPINION

No. 04-11-00799-CR

Clinton **SORRELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8666W
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  January 25, 2012

DISMISSED

Pursuant to a plea bargain agreement, appellant Clinton Sorrell pled guilty to the offense of theft. As part of his plea-bargain, appellant signed a separate "Waiver of Appeal." The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After appellant timely filed a notice of appeal, the clerk sent copies of the certification and notice of appeal to this court. *See* TEX. R. APP. P. 25.2(e). The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). After reviewing the clerk's record, the trial court's certification therefore appears to accurately reflect that this is a plea bargain case and appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

On December 2, 2011, we gave appellant notice that the appeal would be dismissed unless written consent to appeal and an amended certification showing appellant has the right to appeal were signed by the trial court and made part of the appellate record by January 2, 2012. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (Jul. 2, 2003, pet. ref'd) (not designated for publication). Neither written permission to appeal nor an amended certification showing appellant has the right to appeal has been filed. We therefore dismiss this appeal.

PER CURIAM

DO NOT PUBLISH